IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHYNITA KIRKMAN<br>16776 Dayton Street<br>Chagrin Falls, Ohio 44023 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| NATIONAL GENERAL MANAGEMENT<br>CORP.<br>800 Superior Avenue<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>National General Management Corp.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Chynita Kirkman, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Kirkman is a resident of the city of Chagrin Falls, County of Cuyahoga, State of Ohio.

2. National General Management Corp. ("National General") is a foreign corporation that operated a business located at 800 Superior Avenue, Cleveland, Ohio 44114.

3. National General was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

**JURISDICTION & VENUE**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Kirkman is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq.*, and the Family Medical Leave Act ("FMLA") 29 U.S.C § 2601, *et seq.*

5. All material events alleged in this Complaint occurred in County of Cuyahoga.

6. This Court has supplemental jurisdiction over Kirkman's state law claims pursuant to 28 U.S.C. § 1367 as Kirkman's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Kirkman filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-01459 against National General.

9. On or about May 15, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Kirkman regarding the Charges of Discrimination brought by Kirkman against National General in EEOC Agency Charge No. 532-2021-01459.

10. Kirkman received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

11. Kirkman has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Kirkman has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**FACTS**

13. Kirkman is a former employee of National General.

14. Kirkman began working for National General on or around March 19, 2012.

15. National General employed Kirkman as a Licensed Insurance Representative.

16. Kirkman had a strong history of performance with National General.

17. Kirkman consistently received pay raises.

18. Kirkman did not have any history of meaningful discipline.

19. Tayhana Fields was Kirkman's immediate supervisor.

20. During all material events asserted herein, Fields has and/or had authority to hire, fire, and/or discipline employees.

21. Fields did not participate in the decision to hire Kirkman.

22. Kirkman suffers from depression, anxiety, and panic attacks ("Medical Conditions").

23. Kirkman's Medical Conditions constituted mental and/or physical impairments.

24. Kirkman's Medical Conditions substantially impaired one or more of her major life activities, including working.

25. Kirkman's Medical Conditions occasionally caused her to have panic attacks either before or during work.

26. Due to Kirkman's Disability, she occasionally had to call in or leave work early due to her panic attacks.

27. As a result of her Medical Conditions, Kirkman is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 *et seq*.

28. As a result of her Medical Conditions, Kirkman is and was considered disabled within the meaning of R.C. § 4112.01 *et seq*.

29. Despite this actual or perceived disabling condition, Kirkman was still able to perform the essential functions of her job with or without reasonable accommodation(s).

30. Fields disciplined Kirkman when she had to call in or leave work early due to her panic attacks.

31. Kirkman's physician requested accommodations while she worked.

32. Kirkman informed Fields of her Medical Conditions and requested accommodations.

33. National General is subject to the provisions of the FMLA.

34. As of March 1, 2020, Kirkman qualified for protected leave under the FMLA.

35. As of March 1, 2020, Kirkman worked for National General for at least 12 months.

36. As of March 1, 2020, Kirkman had at least 1,250 hours of service for National General during the previous 12 months.

37. In or around March 2020, Kirkman applied for intermittent FMLA leave.

38. After learning of Kirkman's Medical Conditions and receiving the recommended accommodations from Kirkman's physician, Fields continued disciplining Kirkman for needing time off due to her panic attacks.

39. Fields placed Kirkman on a performance improvement plan ("PIP") due to her absences caused by her Medical Conditions.

40. Kirkman's PIP stated that Kirkman would face termination if she called off or left work early.

41. Fields placed Kirkman on the PIP knowing it would be impossible for Kirkman to comply with its terms due to her Medical Conditions.

42. Fields placed Kirkman on the PIP in retaliation for taking protected leave under the FMLA.

43. After being placed on the PIP, Kirkman suffered more panic attacks requiring her to call of work for a couple of days.

44. In or around September 2020, Kirkman requested and received short term disability leave.

45. Kirkman returned to work from short term disability leave on or about December 1, 2020.

46. After Kirkman returned to work on December 1, she did not call off or leave early.

47. On or about December 18, 2020, Kandia Barnes and Jen Marek met with Kirkman.

48. Barnes was Kirkman's supervisor.

49. National General employed Barnes as a manager.

50. During all material events asserted herein, Barnes has and/or had authority to hire, fire, and/or discipline employees.

51. Barnes did not participate in the decision to hire Kirkman.

52. National General employed Marek as a human resources representative.

53. At the December 18 meeting, Kirkman was informed her employment with National General had been terminated.

54. At the December 18 meeting, Fields and Marek referenced the days missed prior to Kirkman's short term disability leave as the reason for termination.

55. To the extent that Kirkman had been absent, she had been absent due to her Medical Conditions.

56. Upon information and belief, Defendant have a progressive disciplinary policy ("Progressive Discipline Policy").

57. Defendant has used the Progressive Discipline Policy when disciplining non-disabled employees.

58. Defendant has used the Progressive Discipline Policy when disciplining employees who have not requested an accommodation.

59. Defendant has used the Progressive Discipline Policy for employees who did not utilize FMLA leave.

60. Defendant has used the Progressive Discipline Policy for employees who did not take short term disability leave.

61. Under the Progressive Discipline Policy, Kirkman had not received any meaningful discipline.

62. Under the Progressive Discipline Policy, Kirkman had not received any written warnings.

63. Under the Progressive Discipline Policy, Kirkman had not been suspended.

64. Defendant skipped steps under the Progressive Discipline Policy when they terminated Kirkman's employment.

65. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

66. Skipping steps under the Progressive Discipline Policy is an adverse action.

67. Terminating Kirkman's employment was an adverse employment action.

68. Terminating Kirkman's employment was an adverse action.

69. Defendant knowingly skipped steps under the Progressive Discipline Policy when they terminated Kirkman's employment.

70. Defendant intentionally skipped steps under the Progressive Discipline Policy when they terminated Kirkman's employment.

71. Defendant willfully skipped steps under the Progressive Discipline Policy when they terminated Kirkman's employment.

72. Defendant knowingly committed an adverse employment action against Kirkman.

73. Defendant intentionally committed an adverse employment action against Kirkman.

74. Defendant willfully committed an adverse employment action against Kirkman.

75. Defendant knowingly committed an adverse action against Kirkman.

76. Defendant intentionally committed an adverse action against Kirkman.

77. Defendant willfully committed an adverse action against Kirkman.

78. Defendant knowingly terminated Kirkman's employment.

79. Defendant intentionally terminated Kirkman's employment.

80. Defendant willfully terminated Kirkman's employment.

81. The above facts demonstrate Defendant engaged in a pattern and practice of disability discrimination.

82. The above facts demonstrate Defendant engaged in a pattern and practice of FMLA retaliation.

83. There was a causal connection between Kirkman's disability and Defendant's termination of Kirkman's employment.

84. There was a causal connection between Kirkman's short term disability leave and Defendant's termination of Kirkman's employment.

85. There was a causal connection between Kirkman's FMLA leave and Defendant's termination of Kirkman's employment.

86. There was a causal connection between Kirkman's request for accommodation and Defendant's termination of Kirkman's employment.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

87. Kirkman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Kirkman suffers from Medical Conditions.

89. Kirkman's Medical Conditions constituted a mental and/or physical impairment.

90. Kirkman's Medical Conditions substantially impaired one or more of her major life activities including working.

91. As a result of suffering from the Medical Conditions, Kirkman is disabled.

92. In the alternative, National General perceived Kirkman as being disabled.

93. National General treated Kirkman differently than other similarly-situated employees based on her disabling condition.

94. Alternatively, National General treated Kirkman differently than other similarly-situated employees based on her perceived disabling condition.

95. On or about December 18, 2020, Defendant terminated Kirkman's employment without just cause.

96. Defendant terminated Kirkman's employment based her disability.

97. Alternatively, Defendant terminated Kirkman's employment based her perceived disability.

98. Defendant violated ADA 42 U.S.C. 126 §12101 *et seq*. when it discharged Kirkman based on his/her disability.

99. Defendant violated ADA 42 U.S.C. 126 §12101 *et seq*. when it discharged Kirkman based on his/her perceived disability.

100. Defendant violated ADA 42 U.S.C. 126 §12101 *et seq*. by discriminating against Kirkman based on her disabling condition.

101. Alternatively, Defendant violated ADA 42 U.S.C. 126 §12101 *et seq*. by discriminating against Kirkman based on her perceived disabling condition.

102. As a direct and proximate result of Defendant's conduct, Kirkman suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.**

103. Kirkman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Kirkman suffers from the Medical Conditions.

105. Kirkman's Medical Conditions constituted a mental and/or physical impairment.

106. Kirkman's Medical Conditions substantially impaired one or more of her major life activities including working.

107. As a result of suffering from the Medical Conditions, Kirkman is disabled.

108. In the alternative, National General perceived Kirkman as being disabled.

109. National General treated Kirkman differently than other similarly-situated employees based on her disabling condition.

110. Alternatively, National General treated Kirkman differently than other similarly-situated employees based on her perceived disabling condition.

111. On or about December 18, 2020, Defendant terminated Kirkman's employment without just cause.

112. Defendant terminated Kirkman's employment based her disability.

113. Alternatively, Defendant terminated Kirkman's employment based her perceived disability.

114. Defendant violated R.C. §4112.02 when it discharged Kirkman based on her disability.

115. Alternatively, Defendant violated R.C. §4112.02 when it discharged Kirkman based on her perceived disability.

116. Defendant violated R.C. §4112.02 by discriminating against Kirkman based on her disabling condition.

117. Alternatively, Defendant violated R.C. §4112.02 by discriminating against Kirkman based on her perceived disabling condition.

118. Kirkman suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

119. As a direct and proximate result of Defendant's conduct, Kirkman suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: RETALIATION IN VIOLATION OF THE FMLA

120. Kirkman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

121. National General is subject to the provisions of the FMLA.

122. As of March 1, 2020, Kirkman qualified for protected leave under the FMLA.

123. As of March 1, 2020, Kirkman worked for National General for at least 12 months.

124. As of March 1, 2020, Kirkman had at least 1,250 hours of service for National General during the previous 12 months.

125. In or around March 2020, Kirkman applied for intermittent FMLA leave.

126. During her employment, Kirkman utilized FMLA leave.

127. After Kirkman utilized her qualified FMLA leave, Defendant retaliated against her.

128. Defendant placed Kirkman on a PIP in retaliation for utilizing her qualified FMLA leave.

129. After utilizing her qualified FMLA leave, Defendant terminated Kirkman's employment.

130. Defendant retaliated against Kirkman by terminating her employment.

131. Defendant willfully retaliated against Kirkman in violation of U.S.C. § 2615(a).

132. As a direct and proximate result of Defendant's wrongful conduct, Kirkman is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Kirkman demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Kirkman to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Kirkman for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Kirkman claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

        Respectfully submitted,

*/s/ Fred M. Bean*_____
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: fred.bean@spitzlawfirm.com
      taurean.shattuck@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Chynita Kirkman demands a trial by jury by the maximum number of jurors permitted.

                                            */s/ Fred M. Bean*_____
                                            Fred M. Bean (0086756)
                                            Taurean J. Shattuck (0097364)